UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BRESSELSMITH,<br><br>　　　　　　　　　　Plaintiff<br><br>　v.<br><br>NDOC, et al.,<br><br>　　　　　　　　　　Defendants | Case No.  2:24-cv-00450-GMN-BNW<br><br>SCREENING ORDER |

　　　　Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") and has filed an Application to Proceed *In Forma Pauperis* ("IFP"), a Motion for Temporary Restraining Order ("TRO"), and a Motion for Preliminary Injunction. (ECF Nos. 1, 1-1, 3, 4).  The matter of the filing fee will be temporarily deferred.  The Court now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and addresses the motions.

**I.    SCREENING STANDARD**

　　　　Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

　　　　In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's

claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the Complaint, Plaintiff sues Defendants NDOC[1], Correctional Officer ("C/O") Trascan, and Doe correctional officers for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1-2). Plaintiff brings three claims and seeks monetary and injunctive relief. (*Id.* at 5-6).

The Complaint alleges the following. Plaintiff has unspecified medical issues that affect his mobility and cause him to fall. (*Id.* at 3, 5). On January 16, 2024, Trascan and Doe #1 escorted Plaintiff late from his housing unit to the infirmary. (*Id.* at 3). There, Does #2 and #3 were supposed to transport Plaintiff to his outside medical appointment. (*Id.* at 2). However, they decided to hang out and socialize first. (*Id.*) When the transport vehicle arrived at the streets of Valley View and Decatur, Does #2 and #3 told Plaintiff that they had to turn back because they would not get to the appointment on time. (*Id.* at 3).

This was the second time that prison officials turned the transport vehicle around on the way to one of Plaintiff's medical appointments resulting in Plaintiff being delayed and denied treatment. (*Id.*) When Plaintiff returned to HDSP, Sgt. Estelle apologized,

---

[1] The Court dismisses, with prejudice, all claims against the NDOC because the NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

acknowledged that the officers had violated Plaintiff's rights, and advised Plaintiff to grieve and file a lawsuit. (*Id.*)  Senior C/O Romero was also present for that conversation. (*Id.*)

It took several months to reschedule Plaintiff's outside medical appointments. (*Id.*) During the delay between each missed appointment, Plaintiff suffered from falls and would try to refrain from moving due to fear of falling and further injuring himself. (*Id.* at 5).

Plaintiff alleges Eighth Amendment violations for medical issues (claims 1 and 3) and Fourteenth Amendment due process violations (claim 2). (*Id.* at 3-5).  As an initial matter, the Court dismisses the Fourteenth Amendment due process claim without prejudice because there are no allegations in the Complaint to support a due process violation.  Instead, the Court interprets all three claims as a claim for Eighth Amendment deliberate indifference to serious medical needs.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*.  "Indifference

may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds that Plaintiff states a colorable claim for deliberate indifference to serious medical needs. Based on the allegations, prison officials knew that Plaintiff had mobility issues that needed to be treated by an outside provider. Despite this, Plaintiff alleges that prison officials failed to get him to his appointments on time twice resulting in Plaintiff missing his appointments and receiving no care. As a result, Plaintiff alleges that he continues to fall while waiting for prison officials to reschedule the missed appointments. This claim will proceed against Defendants C/O Trascan and Does #1, 2, and 3, when Plaintiff learns their identities.[2]

### III. MOTIONS FOR INJUNCTIVE RELIEF

In the identical Motions for TRO and Preliminary Injunction, Plaintiff alleges that prison officials have retaliated against him for his litigiousness. (ECF No. 3 at 2; ECF No. 4 at 2). Plaintiff alleges that prison officials are turning a blind eye to other inmates attempting to harm Plaintiff through attacks and threats. (*Id.*) Prison officials respond that this is what happens to Plaintiff for snitching on officers. (*Id.*) Plaintiff alleges that in December 2023 he had to go to the hospital for two separate attacks and that the attacks are continuing. (*Id.* at 3). Plaintiff seeks a transfer to another prison. (*Id.*) Plaintiff is currently in administrative segregation. (*Id.*)

---

[2] Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe Defendant(s) comes to light during discovery, Plaintiff may move to substitute the true names of Doe Defendant(s) to assert claims against the Doe Defendant(s) at that time.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injuction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

"A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

The Court denies the motions for injunctive relief without prejudice because the Court lacks authority to issue an injunction. Plaintiff's Complaint is about the lack of medical care received for his mobility issues. Plaintiff's injunctive relief motions are about inmate violence. Because the injunctive relief motions are not based on claims pled in the Complaint, the Court does not have the authority to issue injunctive relief regarding inmate violence raised in the motions.

## IV. CONCLUSION

It is therefore ordered that a decision on the IFP (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that the Fourteenth Amendment due process claim is dismissed without prejudice.

It is further ordered that the Eighth Amendment deliberate indifference to serious medical needs claim will proceed against Defendants Trascan and Does #1, 2, and 3,

when Plaintiff learns their identities.

It is further ordered that Defendant NDOC is dismissed from the Complaint with prejudice as amendment would be futile.

It is further ordered that the Motion for TRO (ECF No. 3) and Motion for Preliminary Injunction (ECF No. 4) are denied without prejudice.

It is further ordered that given the nature of the claim(s) that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the Court determines whether to grant Plaintiff's IFP, the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, then the Court will determine whether to grant Plaintiff's IFP. Plaintiff will be required to pay the full $350.00 statutory filing fee for a civil action regardless of whether the Court grants his IFP. This fee cannot

be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's IFP. If Plaintiff is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $55 administrative filing fee, for a total of $405, will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days prior to the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that if Plaintiff needs an interpreter to participate in the mediation program, Plaintiff will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

It is further ordered that the Clerk of Court is further directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically provide a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office must advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Interested Party for the purpose of participation in the Early Mediation Program. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

DATED THIS __23__ day of May 2024.

Gloria M. Navarro, Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID BRESSELSMITH,<br><br>　　　　　　　　　　　Plaintiff<br><br>　　v.<br><br>NDOC, et al.,<br><br>　　　　　　　　　　　Defendants | Case No. 2:24-cv-00450-GMN-BNW<br><br>REPORT OF ATTORNEY GENERAL<br>RE: RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF WILL NOT FILE THIS FORM.**

　　　　On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

　　　　____　A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

　　　　____　A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not

reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

____ None of the above five statements describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____     _____
                              Print                                            Signature

Address:   _____     Phone:
                                                        _____

            _____     Email: _____